THOMAS FOSTER *vs.* GEORGE H. PLUMMER & others.

The original defendant, in a writ of review, cannot, in his defence thereto, avail himself of a discharge in insolvency, obtained in pursuance of proceedings commenced since the rendition of the original judgment against him.

THIS was a review of a judgment recovered in the court of common pleas by the defendants against the plaintiff. It appeared by an agreed statement of facts, that the defendants commenced an action for goods sold and delivered, against the plaintiff, and caused his real estate to be attached therein; that the action was entered in the court of common pleas, and judgment recovered thereon at the October term, 1846, upon default; that an execution issued on the judgment, and was delivered to a deputy sheriff, who proceeded in due form to seize thereon the equity of redemption of the real estate previously attached, and advertised the same for sale; that before a sale of the equity, and before the execution was otherwise

satisfied, the plaintiff in review sued out this writ of review, and obtained a stay of the execution, and gave bond with sureties, in the usual manner, to pay such sums of debt and costs, as might be recovered against him, if any, upon the trial of the review.

In the petition, upon which the review was granted, the plaintiff set forth, that he had grounds of defence, which he intended to make in the court below, but which he was prevented from making by accident or mistake. In this court, the plaintiff waived all other grounds of defence, and relied upon the following : —

That, since the seizure of the equity of redemption by the officer, and since the commencement of the writ of review, and the giving of the bond as above stated, and after due proceedings before a master in chancery, which were commenced subsequently to the review, the plaintiff had obtained the usual discharge from all his subsisting debts and liabilities under the insolvent law.

The defendants, admitting the truth of the facts suggested, contended that the plaintiff could not avail himself thereof in bar or avoidance of the action upon the trial of the review.

*B. Butler*, for the plaintiff.

*D. Morgan*, for the defendants.

SHAW, C. J. This is a review upon a writ sued out in pursuance of a petition of the plaintiff in review, setting forth that he had had judgment rendered against him by default, when he had grounds of defence which he intended to make, but which he was prevented from making by accident or mistake. The review was granted, upon the terms of giving bond to abide the judgment. It further appears, that when the petition was presented, an execution had issued on the judgment, and that a levy had been made thereof on an equity of redemption ; but that upon the petition being granted, which prayed as well for a *supersedeas* as for a review, and bond being given, a *supersedeas* was ordered. The plaintiff, waiving all other matters of defence to the original action, now relies upon a certificate of discharge under the insolvent

aw, on proceedings commenced since the petition for leave to bring a writ of review was granted.

The court are of opinion, that such a certificate cannot operate to bar the defendants in review from having the benefit of their former judgment. A review, as the term imports, is essentially a process for revising a former judgment, and deciding whether it was right. The judgment in review may be varied and adapted, so as to meet and protect the just rights of the parties. The former judgment may be affirmed in whole or in part, or reversed in whole or in part, or modified in any other respect. If the former judgment has been satisfied, if affirmed, the satisfaction shall remain unaffected; if affirmed in part, the satisfaction shall still stand, and the plaintiff in review recover back a sum, for which the former judgment was too much; or any other form of judgment may be adopted.

The question on a review is, substantially, whether the judgment rendered was right. A review is not, like an appeal, a continuance of the same cause, during which all liabilities arising from attachment and bail remain unaffected; on the contrary, it is an original action, in which the former securities of attachment and bail are discharged and new ones may be taken.

It appears to us, that it makes no essential difference, in the character of the action, that amendments may be allowed, in the declaration and pleadings, and new evidence admitted. It was always admissible to offer new evidence; and the allowance of amendments was provided for by statute, in order to prevent parties from being turned out of court, with a good case, upon mere insufficiency of form. But we think such new pleadings and evidence must be confined to cases, where such amendments and evidence would have been allowed in the original suit. A release of the original judgment, which is a voluntary extinguishment of that which constitutes the substratum of the review, may stand on a different footing. A discharge under the insolvent law, however, does not extinguish the judgment, but only bars the remedy by action.

It was argued, that the allowance of this defence would be advancing the policy of the insolvent laws, which is to make an equal distribution of the assets of an insolvent, and to discharge the debtor. But it would be in plain violation of a provision of the insolvent law, which confirms and gives effect to all vested rights, and part executed acts. If, therefore, a creditor has obtained judgment, taken out execution, and begun to execute it by taking property, before the institution of insolvent proceedings, that judgment is satisfied, that property is bound by it, the rights of the creditor have become vested, and the insolvent proceedings will not overreach it. *Hall* v. *Crocker*, 3 Met. 245; *Hall* v. *Hoxie*, 3 Met. 251.

It now appears by the record, that the former judgment was right; *no reason in fact or in law is shown why it should not have been passed when it was passed*; and it would be grossly unjust to give such a construction to the law of review, as to deprive the original plaintiff of the vested right which he had acquired to the satisfaction of his judgment upon the debtor's property taken on execution; and thus to deprive him of the substituted remedy provided by a judgment in review, and a bond to secure the payment of it.

We are of opinion, that the proper course is now to declare that the former judgment be affirmed in whole, and that a judgment now be passed, that the defendants in review have execution against the plaintiff, for the amount of the former judgment for damages and costs, together with interest thereon to the present time, with costs of the review.